IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TONITA SHIPMAN STRICKLAND, )<br>  PLAINTIFF, )<br>              )<br>vs.             )<br>               )<br>CITY OF ENTERPRISE, ET AL, )<br>  DEFENDANTS.      ) | CASE NO: 1:06-CV-232-WKW |

**MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS, OR IN THE ALTERNATIVE, MOTION FOR
MORE DEFINITE STATEMENT AND TO STRIKE**

Defendant City of Enterprise, Alabama, submits this Memorandum in support of its Motion to Dismiss, or in the alternative, Motion for More Definite Statement and to Strike.

## I. INTRODUCTION

While it is not entirely clear what the plaintiff is claiming, this action seems to be based on the alleged false arrest of Tonita Shipman Strickland that occurred on November 29, 2004 while she was already "being detained due to her pending bond on appeal for her guilty sentence." (See Compl. at 1, ¶ 3 and 4) Strickland's complaint contains two counts and sixteen paragraphs. (See Compl. at 1-2.)

The complaint names the City of Enterprise as a Defendant, and several fictitious parties.

The complaint appears to include vague and ambiguous claims against fictitious parties, but no specific allegation against the City of Enterprise.

Count I appears to allege a state law claim of false imprisonment, although there is also a reference to an alleged violation of the plaintiff's due process rights. (See Compl. at 1, ¶ 3 and 7)

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE,
MOTION FOR MORE DEFINITE STATEMENT AND TO STRIKE
PAGE 1**

RTD5763

Count II is entitled "Civil Rights Violation." Count II appears to be directed only at the fictitious parties. (See Compl. at 2, ¶ 11 ("Defendant(s) are now, and at all time material to this matter duly appointed, employed, and acting law enforcement officers of the City of Enterprise in Coffee County, Alabama…")) Count II improperly alleges unspecified civil rights violations.

The City of Enterprise moves for the court to dismiss the complaint is its entirety. In the alternative, the City of Enterprise moves for the plaintiff to replead in compliance with Rules 8(a), 10(b), and 12(f), as described more specifically below.

Section II of this Memorandum states the reason the complaint should be dismiss in its entirety. Section III of this Memorandum restates the procedural rule that governs vague and ambiguous pleadings. Section IV identifies the specific defects in the plaintiff's complaint. Section V explains the appropriate remedy, in light of Eleventh Circuit precedent. Section VI enumerates the details requested.

## II. THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY

The complaint fails to state a claim for which relief can be granted against the City of Enterprise. A careful reading of the complaint reveals no specific allegations against the City of Enterprise. Count I seems to blame the judge (See Compl. at 1, ¶ 7) or two unnamed inmates. (See Compl. at 1, ¶ 5) There does not appear to be an allegation against the City of Enterprise.

As was Stated above, it is not at all clear what civil right's violation the plaintiff is claiming in Count II. It is clear that Count II is directed only at the fictitious parties. Fictitious party pleading is not permitted under the Federal Rules of Civil Procedure. See Fuller v. Exxon Corp., 78 F. Supp 2d 1289, 1289 n.1 (S.D. Ala. 1999) (holding "fictitious

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE,  
MOTION FOR MORE DEFINITE STATEMENT AND TO STRIKE  
PAGE 2**

RTD5763

party pleading is not generally recognized under the Federal Rules of Civil Procedure" and striking fictitious party defendants); Weeks v. Benton, 649 F. Supp. 1297, 1298 (S.D. Ala. 1986) ("Fictitious party practice is not authorized by the Federal Rules of Civil Procedure or any other federal statute."); Meade v. Prison Health Servs., Inc., No. 94-854-CIV-T-17-B, 1994 U.S. Dist. Lexis 16533, at *11 (M.D. Fla. 1994) ("There is no provision in the Federal Rules of Civil Procedure for fictitious party pleading, and thus the practice is prohibited."); McAllister v. Henderson, 698 F. Supp. 865, 869 (N.D. Ala. 1988) ("Clearly there is no provision in the federal statutes or the Federal Rules of Civil Procedure for the use of fictitious parties.").

The plaintiff has failed to state a claim against the City of Enterprise for which relief can be granted. This case is due to be dismissed. See Fed. R. Civ. P. 12(b)(6).

### III.    FEDERAL RULE OF CIVIL PROCEDURE 12(e)

Should this Court choose not to dismiss this matter in its entirety, the defendant respectfully moves for the plaintiff to replead in compliance with Rules 8(a), 10(b), and 12(f)

Federal Rule of Civil Procedure 12(e) governs this motion:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the detail desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed. R. Civ. P. 12(e).

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND TO STRIKE**
**PAGE 3**

RTD5763

For the reasons explained below, the plaintiff's complaint is vague, ambiguous, and violates Rules 8(a), 10(b), and 12(f).

### IV. DEFECTS COMPLAINED OF

The complaint has six defects: (1) the complaint does not comply with the clear requirements of Rule 8(a); (2) each count improperly incorporates by reference all of the preceding paragraphs and external documents; (3) the Counts do not succinctly state a single cause of action; (4) the complaint does not identify the specific constitutional right allegedly violated; (5) the complaint includes improper fictitious party claims; and (6) the complaint repeatedly refers to "Plainitff(s)," but only one is named in the complaint.

A.  *The Complaint Does Not Comply With The Clear Requirements Of Rule 8(A)*

Federal Rule of Civil Procedure 8(a) requires the following:

　　1.　A short and plain statement of the grounds upon which the court's jurisdiction depends.

　　2.　A short and plain statement of the claim showing that the pleader is entitled to relief.

　　3.　A demand for judgment for the relief the pleader seeks.

As to Count I, there is no statement of the grounds upon which the court's jurisdiction depends. This is particularly important in light of the fact that Count II does not seem to be directed to the City and only involves fictitious parties.

With respect to the requirement of a short and plain statement of the claim showing that the pleader is entitled to relief, the defendant concedes that the complaint is

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND TO STRIKE**
**PAGE 4**

RTD5763

short, but it does not contain a "plain statement of the claim showing that the pleader is entitled to relief [against the City of Enterprise.]"

Finally, the complaint does contain a demand for judgment, but the language of the demand adds further confusion. Count I contains no statement of the grounds upon which the court's jurisdiction depends, but demands judgment "within the jurisdictional limits of this Court." Count II contains this same language.

### B. Incorporation by Reference

Count II of the complaint improperly incorporates all of the preceding paragraphs by reference. Additionally, Paragraph nine (9) in the Count I, incorporates a "claim for damages sustained by Plaintiff… as a result of the matter alleged above. A copy of that claim is attached to this complaint, marked as Exhibit 'A' and incorporated by [reference]." (See, e.g., Compl. At 2, ¶ 9 and 10)

In other words, (1) an external "claim for damages" is incorporated into Count I by reference and (2) all of Count I is incorporated by reference into Count II.

Although shorter in length than many, the complaint still fits the definition of a shotgun pleading. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).

"Shotgun pleadings are not allowed; a lawsuit is not a game of hunt the peanut." Dinkins v. Charoen Pokphand USA, Inc., 133 F. Supp 2d 1254, 1261 (M.D. Ala. 2001) (DeMent, J.).

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND TO STRIKE**
**PAGE 5**

RTD5763

"Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer v. State of Florida, 117 F.3d 1258, 1263 (11th Cir. 1997).

"Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice." Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001).

The Eleventh Circuit has criticized defendants for their failure to move for a more definite statement in the face of a shotgun complaint. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1128-29 (11th Cir. 2001); Anderson v. District Bd. of Trs., 77 F.3d 364, 366-67 (11th Cir. 1996).

"Under the Federal Rules of Civil Procedure, a defendant faced with [a shotgun pleading] is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." Anderson v. District Bd. of Trs., 77 F.3d 364, 366 (11th Cir. 1996).

The defendant moves to require the plaintiff to replead her complaint without unnecessarily incorporating preceding paragraphs by reference.

C.   *The Counts Do Not Succinctly State A Single Cause Of Action*

A "claim for damages" is incorporated by reference into Count I. Count I mentions false imprisonment but also mentions a violation of due process.

Count II does not specifically state a civil rights violation, but, nevertheless, all of Count I is incorporated by reference into Count II. "Separate, discrete causes of action

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE,
MOTION FOR MORE DEFINITE STATEMENT AND TO STRIKE
PAGE 6**

RTD5763

should be pled in separate counts." Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996). Packing multiple claims into a single count violates Rule 10(b).

The defendant moves to require the plaintiff to replead each discrete claim in a separate count.

### D. Failure to Identify Specific Constitutional Rights

The complaint improperly alleges unspecified constitutional violations. The complaint does not identify which federal or state constitutional right was allegedly violated.

"The Federal Rules of Civil Procedure require that a complaint contain a 'short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Fullman v. Graddick, 739 F.2d 553, 556 (11th Cir. 1984) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In GJR Investments, Inc. v. County of Escambia, the Eleventh Circuit held a complaint was defective when it did not specify which constitutional right the defendant allegedly violated. 132 F.3d 1359, 1368-69 (11th Cir. 1998).

In Byrne v. Nezhat, the Eleventh Circuit held repleader should have been ordered when the complaint did not specify which statutory provision the defendant allegedly violated. 261 F.3d 1075, 1128 n.100 (11th Cir. 2001).

"District courts have the power and the duty to define the issues at the earliest stages of litigation." Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998).

"A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

The defendant moves for the plaintiff to replead and specifically identify the constitutional right allegedly violated, to include the source of that right.

### E. Fictitious Party Claims

As was discussed above, the complaint improperly names fictitious parties. Fictitious party pleading is not permitted under the Federal Rules of Civil Procedure. Rule 12(f) states, "Upon motion made by a party before responding to a pleading … the court may order stricken from any pleading any … impertinent … matter."

The defendant moves to strike all fictitious party claims.

### V. **APPROPRIATE REMEDY**

"If the trial judge does not quickly demand repleader, all is lost – extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits." Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998).

"Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Anderson v. District Bd. of Trs., 77 F.3d 364, 367 (11th Cir. 1996).

In Cesnik v. Edgewood Baptist Church, the Eleventh Circuit remanded with instructions for the plaintiffs to replead with only one claim per count and to identify the specific statutory provision underlying their claim. 88 F.3d 902, 910-11 (11th Cir. 1996).

The Eleventh Circuit's mandate for repleader is firm: "If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE,
MOTION FOR MORE DEFINITE STATEMENT AND TO STRIKE
PAGE 8**

RTD5763

statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader." Byrne v. Nezhat, 261 F.3d 1075, 1132 (11th Cir. 2001).

## VI.  DETAIL DESIRED

Wherefore, the City of Enterprise moves the Court to dismiss this complaint in its entirety.

In the alternative, the City of Enterprise moves the Court to order the plaintiff to replead her complaint as follows:

1. To state no more than one claim in a single count;

2. To refrain from unnecessarily incorporating by reference preceding and external allegations and claims for damages into the complaint;

3. For any constitutional claim, to identify the specific constitutional right and provision (article or amendment) allegedly violated;

4. For any statutory claim, to identify the specific statutory right and provision (code section) allegedly violated;

5. To refrain from pleading fictitious party claims;

6. To provide a short and plain statement of the grounds upon which the court's jurisdiction over the City of Enterprise depends.

Respectfully submitted this the 4th day of May, 2006.

       /s/ R. Todd Derrick_____
Steadman S. Shealy, Jr. (SHE023)
R. Todd Derrick (DER006)
Attorneys for the Defendant

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND TO STRIKE
PAGE 9**

RTD5763

OF COUNSEL:

COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama  36302-6346
Telephone (334) 677-3000
Fax (334) 677-0030

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the following:

J. E. Sawyer, Esquire
203 South Edwards Street
Enterprise, Alabama 36330
(334) 347-6447

Paul Young, Esquire
125 College Avenue
Enterprise, Alabama 36330
(334) 347-0843

This the 4th day of May, 2006.

/s/ R. Todd Derrick
R. Todd Derrick

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE,
MOTION FOR MORE DEFINITE STATEMENT AND TO STRIKE
PAGE 10**

RTD5763