UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TONITA SHIPMAN STRICKLAND, | ) |
| Plaintiff, | ) |
| VS. | )   CASE NO. 1:06-CV-232 |
| CITY OF ENTERPRISE, | ) |
| Defendant. | ) |

### AMENDED COMPLAINT

COMES NOW Plaintiff, Tonita Shipman Strickland, by undersigned counsel and amends her Complaint to show as follows:

### COMPLAINT
### Count I:  False Arrest

1.  Plaintiff, Tonita Shipman Strickland, is an adult resident of the City of Enterprise, County of Coffee, State of Alabama.

2.  Defendant, City of Enterprise, is a municipal corporation organized and existing under the laws of the State of Alabama and is located in Coffee County (hereinafter referred to as "City").

3.  Plaintiff avers that she was denied basic civil liberties pursuant to 18 U.S.C. §242.

4.  On the 29th day of November 2004, said Plaintiff was falsely imprisoned at the Coffee County Jail.

5.  Plaintiff was being detained in the Enterprise City Jail pending bond on an appeal for her guilty sentence.

6. While Plaintiff was being detained in the Enterprise City Jail, two other inmates began to display disruptive behavior, which Plaintiff had nothing to do with it.

7. Judge Sherling came to the holding cell to warn the other inmates that if they did not settle down that they would be taken to the Coffee County Jail.

8. Inmates continued with their disruptive behavior and consequently, said inmates and Plaintiff was taken to the County Jail for five (5) days. Plaintiff never had a hearing for said incarceration, nor was she allowed bond for any offense, all violating her due process rights. Plaintiff was later informed that she had been displaying disruptive behavior, when in fact she was not exhibiting said behavior and was not in the same holding cell as the inmates engaging in disruptive behavior.

9. Plaintiff's husband came in with said appeal bond of $500.00 and was turned down for unknown reasons and refused a hearing on same.

10. On the 29th day of November 2004, and pursuant to the provisions of Alabama Code 1975, Plaintiff presented to the Defendant, City of Enterprise, a claim for the damages sustained by Plaintiff's as a result of the matters alleged above.

WHEREFORE, Plaintiff demands judgment against Defendant in a reasonable sum to be determined by the jury in this cause, but within the jurisdictional limits of this Court, plus costs and such other and further relief as deemed appropriate by this Court.

## Count II
## Civil Rights Violation

11. Plaintiff(s) adopt by reference Paragraphs One through Ten of Count I, and would further aver:

12. Defendant(s) are now, and at all times material to this matter duly appointed,

employed, and acting law enforcement officers and/or employees of the City of Enterprise, Alabama; Defendant(s) are also residents of said city and county.

13.     This court has jurisdiction of this cause under and by virtue of Title 28 of the U.S.C, Section 1343, et, al.

14.     Defendant's actions violated 42 U.S.C. §1983.

15.     Each of the alleged acts of Defendant(s) were allegedly done by said Defendant(s) and each of them, not as individuals, but under the color and pretense of the statues, ordinances, regulations, customs, and usages of the State of Alabama, the City of Enterprise, the County of Coffee, and the federal constitution, and under the authority of their offices as law enforcement officers for such city.

16.     On the 29th of November 2004, Plaintiff was detained in the Enterprise City Jail, where she was wrongly accused of displaying disruptive behavior.

17.     Defendant wrongly placed the Plaintiff in Coffee County Jail for five days due to disruptive behavior even after Plaintiff advised Defendant that she was not the one causing the problems.

18.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 1343.

19.     Plaintiff avers that due to the actions of Defendant, the City of Enterprise, its agents and/or representatives, she was caused to be falsely imprisoned under the color of law.

20.     Plaintiff avers that she was caused to suffer emotional distress and be detained against her will.

WHEREFORE, Plaintiff demands judgment against Defendant in a reasonable sum to be determined by the jury in this cause, but within the jurisdictional limits of this Court, plus costs and such other and further relief as deemed appropriate by this Court.

Dated this 10th day of August, 2006.

                ___/S/_ J. E. Sawyer, Jr._____
                J. E. Sawyer, Jr. ASB-6566-S58J
                *Attorney for Plaintiff*
                203 South Edwards Street
                Enterprise, AL 36330
                334/347-6447
                334/347-8217
                jesawyer@adelphia.net


                ___/S/_ Paul A. Young_____
                Paul A. Young
                *Attorney for Plaintiff*
                P.O. Box 311368
                Enterprise, AL 36331
                334/347-0843
                334/347-8275
                paulyoung@entercomp.com


### *CERTIFICATE OF SERVICE*

  I certify that on August 10, 2006, I filed the above and foregoing electronically with the Clerk of Court using the CM/ECF system and that notice of my filing of same will be electronically served on: Mr. Steadman S. Shealy, Jr. and Mr. R. Todd Derrick.

                ___/S/_ J. E. Sawyer, Jr._____
                J. E. Sawyer, Jr.