IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

TONITA SHIPMAN STRICKLAND, )
    PLAINTIFF, )
                                      )
vs. )   CASE NO: 1:06-CV-232-WKW
                                      )
CITY OF ENTERPRISE, ET AL, )
    DEFENDANTS. )

## SECOND MOTION TO DISMISS

    Pursuant to Federal Rule of Civil Procedure 12, subdivisions (b)(6), defendant City of Enterprise makes a second motion to dismiss. In support of said motion, the defendant says as follows:

    1.    The Court's order of June 26, 2006 states that plaintiff is to amend her complaint containing a more definite statement of her claims as follows:

        1)    A statement of the grounds upon which the Court's jurisdiction over the defendant depends;

        2)    For any statutory claim, to identify the specific statutory right and provision (code section) allegedly violated;

        3)    For any constitutional claim, to identify the specific constitutional right and provision (article or amendment) allegedly violated;

        4)    By stating no more than one claim in a single count, not incorporating claims by reference to other allegations.

    2.    At first blush, Count I is stating a Federal cause of action, but near the end of Count I there is a reference to the Code of Alabama. No code section is

cited, but it may be a reference to Alabama Code §§ 11-47-23 and/or 11-47-192. If this is true, then Count I <u>might</u> be a state cause of action. The defendant is left to guess.

3. Count II adopts by reference Count I (Paragraph 11). This is exactly what the court ordered the plaintiff not to do.

4. Furthermore, it leaves the defendant to continue guessing. By incorporating Paragraph 10 into Count II, are the plaintiff's allegations a state cause of action or something else?

5. Furthermore, the plaintiff claims that "defendant's actions violated 42 USC § 1983."

6. "Section 1983 is merely a vehicle by which to bring these suits; it does not create any substantive federal rights." <u>Williams v. Board of Regents of University System of Georgia</u>, 441 F.3d 1287, 1301 (11 Cir. 2006)

7. The amended complaint does not comply with the court's order and does not state a claim for which relief can be granted. It should be dismissed.

Respectfully submitted this the 30th day of October, 2006.

                         _/s/ R. Todd Derrick_____
                         Steadman S. Shealy, Jr. (SHE023)
                         R. Todd Derrick (DER006)
                         Attorneys for the Defendant

OF COUNSEL:

COBB, SHEALY, CRUM, DERRICK & PIKE, P.A.
Post Office Box 6346
Dothan, Alabama 36302-6346
Telephone (334) 677-3000
Fax (334) 677-0030

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the following:

J. E. Sawyer, Esquire
203 South Edwards Street
Enterprise, Alabama 36330
(334) 347-6447

Paul Young, Esquire
125 College Avenue
Enterprise, Alabama 36330
(334) 347-0843

This the 30th day of October, 2006.

/s/ R. Todd Derrick
R. Todd Derrick