IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TONITA SHIPMAN STRICKLAND,<br>    PLAINTIFF, | )<br>)<br>) | |
| vs. | ) | CASE NO: 1:06-CV-232-WKW |
| | ) | |
| CITY OF ENTERPRISE,<br>    DEFENDANT. | )<br>) | |

**THIRD MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

Comes now, the Defendant, City of Enterprise, and makes a third motion to dismiss or, in the alternative, motion for more definite statement pursuant to Pursuant to Federal Rule of Civil Procedure 12, subdivisions (b)(6); and (f). In support of said motion, the defendant says as follows:

The Plaintiff's Second Amended Complaint is due to be dismissed because it does not comply with the Court's Order of June 26, 2006.

The court's order requires the plaintiff to provide the following:

    1)    A statement of the grounds upon which the Court's jurisdiction over the defendant depends;

    2)    For any statutory claim, to identify the specific statutory right and provision (code section) allegedly violated;

    3)    For any constitutional claim, to identify the specific constitutional right and provision (article or amendment) allegedly violated;

    4)    By stating no more than one claim in a single count, not incorporating claims by reference to other allegations.

## COUNT I

Count I appears to state more than one claim. It is not at all clear, but the Count contains references to the Code of Alabama and to the United States Code. Count I appears to allege both state law and federal causes of action.

Additionally, on the face of the Complaint, Count I is due to be dismissed. The Count seems to allege False Arrest, but in paragraph five of the Amended Complaint (Doc. 21), the Plaintiff admits that she was being detained after being found guilty.

## COUNT II

Count II is entitled "Civil Rights Violation," but does not identify the specific constitutional right and provision allegedly violated.

The Complaint does state that the "Defendant's actions violated 42 USC §1983." (Par.14, Doc. 21) Section 1983, however, does not create any substantive federal rights. It is merely a vehicle by which to bring suit. <u>Williams v. Board of Regents of University System of Georgia</u>, 441 F.3d 1287, 1301 (11 Cir. 2006)

Additionally, the Count contains references to "Defendant(s)," but there is only one named Defendant, the City of Enterprise.

Should the Court choose not to dismiss the Second Amended Complaint, the Defendant respectfully moves this Court to enter an order

requiring the Plaintiff to offer a more definite statement so that the Defendant can answer the Plaintiff's allegations and defend this lawsuit without guessing what cause of action is being alleged. More specifically, the Defendant requests the following:

1. A clear statement whether Count I alleges a state cause of action or a federal cause of action, and then to fully comply with this Court's Order of June 26, 2006 once this is made more definite.

2. As to Count II, to strike references to "defendant(s)" because there is only one named defendant or to explain and identify the reference to multiple defendants.

3. As to Count II to identify the specific constitutional right and provision allegedly violated in light of the fact that Section 1983 is merely a vehicle for bringing suit and does not create any substantive federal right.

4. To state more specifically what "statutes, ordinances, regulations, customs, and usages of the State of Alabama, the City of Enterprise, the County of Coffee, and the federal constitution," the Plaintiff is referring to in paragraph 15 of its Amended Complaint.

These motions are not filed to hinder or delay. If the Plaintiff alleges state causes of action, certain defenses may be available. If the Plaintiff alleges federal causes of action, other defenses may be available. At this stage of litigation, the Defendant still is forced to guess what exactly the Plaintiff is alleging.

The Defendant recognizes that this is not the first motion that has been filed to address these issues and respectfully suggests that a hearing may help clarify these issues.

Respectfully submitted this the 6th day of December, 2006.

        /s/ R. Todd Derrick
Steadman S. Shealy, Jr. (SHE023)
R. Todd Derrick (DER006)
Attorneys for the Defendant

OF COUNSEL:

COBB, SHEALY, CRUM, DERRICK & PIKE, P.A.
Post Office Box 6346
Dothan, Alabama 36302-6346
Telephone (334) 677-3000
Fax (334) 677-0030

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the following:

J. E. Sawyer, Esquire
203 South Edwards Street
Enterprise, Alabama 36330
(334) 347-6447

Paul Young, Esquire
125 College Avenue
Enterprise, Alabama 36330
(334) 347-0843

This the 6th day of December, 2006.

        /s/ R. Todd Derrick
R. Todd Derrick