UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TONITA SHIPMAN STRICKLAND, | ) | |
| Plaintiff, | ) | |
| VS. | ) | CASE NO. 1:06-CV-232 |
| CITY OF ENTERPRISE, | ) | |
| Defendant. | ) | |

**THIRD AMENDED COMPLAINT**

COMES NOW Plaintiff, Tonita Shipman Strickland, by undersigned counsel and amends her Complaint to show as follows:

**COMPLAINT**
**Count I:  False Arrest**

1. Plaintiff, Tonita Shipman Strickland, is an African American female residing in the City of Enterprise, County of Coffee, State of Alabama.

2. Defendant, City of Enterprise, is a municipal corporation organized and existing under the laws of the State of Alabama and is located in Coffee County, Alabama (hereinafter referred to as "City").

3. Plaintiff avers that she was denied basic civil liberties pursuant to 18 U.S.C. §242 and Alabama Code §6-5-170.

4. On the 29th day of November 2004, said Plaintiff was falsely imprisoned at the Coffee County Jail.

5.  Plaintiff was being detained in the Enterprise City Jail pending bond on an appeal for her guilty sentence.

6.  While Plaintiff was being detained in the Enterprise City Jail, two other inmates began to display disruptive behavior, which Plaintiff had nothing to do with it.

7.  City Judge Sherling came to the holding cell to warn the other inmates that if they did not settle down that they would be taken to the Coffee County Jail. Said Judge did not speak to Plaintiff or indicate that Plaintiff was included in this warning.

8.  Inmates continued with their disruptive behavior and consequently, said inmates were taken to the County Jail to serve a sentence of five (5) days by the Enterprise Police Department. Said officers also took Plaintiff to the County Jail despite her assertions that she was not involved with the other inmates' disruption and that the Judge did not include her in his earlier admonishment. Plaintiff never had a hearing for said incarceration, nor was she allowed bond for any alleged offense. The officers, acting as agents for the Enterprise Police Department, violated her due process rights as set out in 42 U.S.C. §1983. Plaintiff was later informed that she had been displaying disruptive behavior, when in fact she was not exhibiting said behavior and was not in the same holding cell as the inmates engaged in said disruptive behavior.

9.  Plaintiff's husband came in with said appeal bond of $500.00 that had been set by the Court to bond Plaintiff out. Plaintiff was not allowed to bond out for unknown reasons. The Enterprise Police Department did not take any action to determine whether or not Plaintiff was one of the inmates that had been admonished earlier by the Judge for their disruptive behavior.

10.     On the 29th day of November 2004, and pursuant to the provisions of §11-47-23, Alabama Code, 1975, Plaintiff presented to the Defendant, City of Enterprise, a claim for the damages sustained by Plaintiff's as a result of the matters alleged above.

WHEREFORE, Plaintiff demands judgment against Defendant in a reasonable sum to be determined by the jury in this cause, but within the jurisdictional limits of this Court, plus costs and such other and further relief as deemed appropriate by this Court.

## Count II
## Civil Rights Violation

11.     Plaintiff is an African American female.

12.     Defendant(s), Enterprise Police Department, are now, and at all times material to this matter duly appointed, employed, and acting law enforcement officers and/or employees of the City of Enterprise, Alabama; Defendant(s) are also residents of said city and county.

13.     This court has jurisdiction of this cause under and by virtue of Title 28 of the U.S.C, Section 1343, et, al.

14.     Defendants' actions violated 42 U.S.C. §1983.

15.     Each of the alleged acts of Defendant(s) were allegedly done by said Defendant(s) and each of them, not as individuals, but under the color and pretense of the statues, ordinances, regulations, customs, and usages of the State of Alabama, the City of Enterprise, the County of Coffee, and the federal constitution, and under the authority of their offices as law enforcement officers for such city.  The Officers' conduct was done under color of State law, and pursuant to an official policy of the City.

16.     On the 29th of November 2004, Plaintiff was detained in the Enterprise City Jail, where she was wrongly accused of displaying disruptive behavior.

17.     Defendants wrongly placed the Plaintiff in Coffee County Jail for five (5) days due for allegedly participating in disruptive behavior even after Plaintiff advised Defendants that she was neither the one causing the problems nor was she included in the Judge's warnings when he previously addressed the unruly inmates.

18.     Plaintiff avers that due to the actions of Defendants, the City of Enterprise, its agents and/or representatives, she was caused to be falsely imprisoned under the color of law.

19.     Plaintiff avers that she was caused to suffer emotional distress and was detained against her will. Plaintiff claims attorney's fees and expenses of the Defendants pursuant to 42 U.S.C.S. §1988.

WHEREFORE, Plaintiff demands judgment against Defendants in a reasonable sum to be determined by the jury in this cause, but within the jurisdictional limits of this Court, plus costs and such other and further relief as deemed appropriate by this Court.

### Count III:
### Negligence

20.     Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 19 as if more fully set out herein and would further aver:

21.     Plaintiff avers that Defendants negligently, carelessly and/or acting out of unskillfulness, caused Plaintiff to be falsely imprisoned without due process.

22.     As a proximate result of Defendants' said negligence, carelessness and unskillfulness Plaintiff was caused to suffer mental anguish and loss of income.

WHEREFORE, Plaintiff demands judgment against Defendants for a sum deemed reasonable by the trier of fact in this cause but within the jurisdictional limits of this Court, plus costs and such other and further relief as deemed appropriate by this Court..

Dated this 12th day of February, 2007.

   /S/_ J. E. Sawyer, Jr._____
J. E. Sawyer, Jr. ASB-6566-S58J
*Attorney for Plaintiff*
203 South Edwards Street
Enterprise, AL 36330
334/347-6447
334/347-8217
jesawyer@roadrunner.com

   /S/_ Paul A. Young_____
Paul A. Young
*Attorney for Plaintiff*
P.O. Box 311368
Enterprise, AL 36331
334/347-0843
334/347-8275
paulyoung@entercomp.com

### *CERTIFICATE OF SERVICE*

I certify that on February 12, 2007, I filed the above and foregoing electronically with the Clerk of Court using the CM/ECF system and that notice of my filing of same will be electronically served on: Mr. Steadman S. Shealy, Jr. and Mr. James Pike.

   /S/_ J. E. Sawyer, Jr._____
J. E. Sawyer, Jr.