IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TONITA SHIPMAN STRICKLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-232 |
| ) | |
| CITY OF ENTERPRISE, ALABAMA, ) | |
| ) | |
| Defendant. ) | |

### REPLY BRIEF OF DEFENDANT CITY OF ENTERPRISE AND MOTION TO DISMISS WITH PREJUDICE

Defendant the City of Enterprise, Alabama, submits this reply to the Plaintiff's memorandum filed February 12, 2007, and also moves to dismiss this action with prejudice pursuant to Rule 41(b) for repeated failures to comply with Court orders.

The Plaintiff's most recent memorandum does not comply with the Court's order for the Plaintiff to file a brief in response to the City of Enterprise's third motion to dismiss. (See Doc. 26 at 1.)

Rather than file a response brief, the Plaintiff filed a memorandum in support of her motion to amend complaint. (Doc. 28.) The Plaintiff's memorandum does not address her repeated non-compliance with the Court's prior orders, or the other issues raised by the City in its motion. The Plaintiff has not offered any justified reason why this action should not be dismissed with prejudice.

Also, despite the Court's explicit instructions, the Plaintiff's proposed *fifth* complaint does not "addres[s] the pleading deficiencies as noted by the defendant

1

and by this court's Order dated June 26, 2006 (Doc. # 7)." (Doc. 26.) Instead, the proposed amendment contains the same violations that the Plaintiff has already had four chances to cure. There is no sanction short of dismissal that will suffice.

I. <u>**PATTERN OF REPEATED VIOLATIONS AMOUNTING TO WILLFULNESS**</u>

The Plaintiff's non-responsive memorandum is not an isolated occurrence. It is the latest in a pattern of repeated violations of court orders. The Plaintiff's persistent non-compliance has risen to the level of willfulness:

- **FIRST VIOLATION OF A COURT ORDER.** On May 12, 2006, the Court ordered the Plaintiff to file a response to the City's first motion to dismiss. (<u>See</u> Doc. 6 ("It is further ORDERED that the plaintiff file a response which shall include a brief…").) The Plaintiff never filed one.

- **SECOND VIOLATION OF A COURT ORDER.** On June 26, 2006, the Court ordered the Plaintiff to re-plead her complaint in compliance with four simple directives:
    o A statement of the grounds upon which the Court's jurisdiction over the defendant depends;
    o For any statutory claim, to identify the specific statutory right and provision (code section) allegedly violated;
    o For any constitutional claim, to identify the specific constitutional right and provision (article or amendment) allegedly violated;
    o By stating no more than one claim in a single count, not incorporating claims by reference to other allegations.

(<u>See</u> Doc. 7 at 1.)  In response, the plaintiff only filed a partial amendment that violated Local Rule 15.1 and did not cure the defects in the original complaint.  (<u>See</u> Doc. 8.)

- **THIRD VIOLATION OF A COURT ORDER.**  On July 31, 2006, the Court struck the first amended complaint and ordered the Plaintiff to file a second.  (<u>See</u> Doc. 11.)  Having obtained leave of Court, however, the Plaintiff did not file her second amended complaint for over two months.  (<u>See</u> Doc. 13.)  The Court had to enter an additional order and set a firm deadline before the Plaintiff filed the second amended complaint.  (<u>See</u> Doc. 14.)  The Court's original order had directed the Plaintiff to file the amendment "now".  (<u>See</u> Doc. 13.)

- **FOURTH VIOLATION OF A COURT ORDER.**  When the Plaintiff finally filed her second amended complaint, the amendment directly violated three of the Court's four directives: (1) it stated more than one claim in a single count, and incorporated claims by reference to other allegations, (2) it did not identify the specific statutory right and provision (code section) allegedly violated, and (3) it did not identify the specific constitutional right and provision (article or amendment) allegedly violated.  (<u>See</u> Doc. 15.)

- **FIFTH VIOLATION OF A COURT ORDER.**  In response to the second amended complaint, the City filed another motion to dismiss.  (<u>See</u> Doc. 17.)  The Court ordered the Plaintiff to file a response brief by November 21, 2006.  (<u>See</u> Doc. 18 ("It is further ORDERED that the plaintiff file a

3

response which shall include a brief…").)  The Plaintiff filed another motion to amend her complaint, but did not file a brief.

- **SIXTH VIOLATION OF A COURT ORDER.**  On November 22, 2006, the Court granted the Plaintiff leave to file her third amended complaint, which she incorrectly identified as her "Second Amended Complaint".  (See Docs. 20 and 21.)  The third amended complaint also violated the Court's prior order.  (Doc. 7.)  Specifically, the amendment pled multiple claims in a single count and failed to identify ("by article or amendment") the specific civil right allegedly violated.  (See Doc. 21.)

- **SEVENTH VIOLATION OF A COURT ORDER.**  In response to the third amended complaint, the City filed another motion to dismiss.  (See Doc. 22.)  On February 7, 2007, the Court ordered the Plaintiff to file a response brief.  (See Doc. 26 ("It is further ORDERED that the plaintiff file a brief in response…").)  This was the third time the Plaintiff violated an order to file a response brief.

- **EIGHTH VIOLATION OF A COURT ORDER.**  The Court's order of February 7 also required the Plaintiff to file another proposed amended complaint.  (See Doc. 26.)  This would be her fourth amended complaint.  (Counting the original complaint, it would be the fifth complaint to which the City has been required to respond.)  The proposed fourth amended complaint also violates the Court's prior order.  (Doc. 7.)  Specifically, the Plaintiff has again packed multiple claims into a single count.  (See ¶ 3.)  She has again incorporated preceding allegations by reference.  (See Count

4

III.) She has again failed to identify the specific constitutional article or amendment allegedly violated. (See ¶ 15.)

There must be some limit on the number of complaints that a party may file. The Plaintiff's repeated violations of the Court's explicit instructions have caused needless delay, undue expense, and unnecessary consumption of judicial resources.

## II. DISMISSAL FOR FAILURE TO OBEY COURT ORDER

Rule 41(b) of the Federal Rules of Civil Procedure governs the failure of a party to obey a court order:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

Based on the pattern of violations, dismissal with prejudice is the only adequate remedy.

Even if allowed, the Plaintiff's fourth amended complaint would not resolve the defects that have been repeatedly called to the Plaintiff's attention, (see Docs. 5, 7, 10, 17, and 22), and repeatedly ignored, (see Docs. 8, 15, 21, and 27).

In her latest proposed amendment, the Plaintiff again packed multiple claims into a single count in Count I, failed to identify the constitutional article or amendment allegedly violated in Count II, and incorporated preceding allegations

by reference in Count III. Since June 26, 2006, the Court has given the Plaintiff <u>four</u> chances not to do that. She does not deserve a fifth.

This case presents a pattern of violations that rises to the level of willfulness. No sanction short of dismissal will suffice. <u>See</u> <u>Zocaras v. Castro</u>, 465 F.3d 479, 483 (11th Cir. 2006) ("There must be a clear record of willful conduct and a finding that lesser sanctions are inadequate.").

WHEREFORE, the City moves to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

                                                  **/s/ James H. Pike**
                                                  James H. Pike  (PIK003)
                                                  Attorney for Defendant
                                                  The City of Enterprise, Alabama

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama  36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: jpike@scplaw.us

**CERTIFICATE OF SERVICE**

I, James H. Pike, certify that on February 13, 2007, I electronically served a copy of this document upon:

J.E. Sawyer, Jr.
203 South Edwards Street
Enterprise, Alabama 36330

Paul A. Young
P.O. Box 311368
Enterprise, Alabama 36331

**/s/ James H. Pike**
James H. Pike