UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TONITA SHIPMAN STRICKLAND, | ) | |
| Plaintiff, | ) | |
| VS. | ) | CASE NO. 1:06-CV-232 |
| CITY OF ENTERPRISE, | ) | |
| Defendant. | ) | |

### *PLAINTIFF'S REVISED AMENDED COMPLAINT*

COMES NOW Plaintiff, Tonita Shipman Strickland, by and through her attorney, J. E. Sawyer, Jr., and complaining against Defendant, City of Enterprise, and alleges as follows:

JURISDICTION AND VENUE

1. This action arises under the United States Constitution, particularly under the provisions of the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and jurisdiction of this Court is invoked under 28 U.S.C. §1331 and 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law. Said statute(s) being an action authorized by said authority to redress the deprivation under color of state law, statute, or ordinance, regulation, custom, and usage of a right, privilege and immunities secured to Plaintiff.

2. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Venue is placed in this district because it is where all the parties reside and where the events complained of occurred.

## PARTIES

4. Plaintiff, Tonita Shipman Strickland, is a citizen of the United States of America and a resident of the City of Enterprise in Coffee County, Alabama.

5. Defendant, City of Enterprise, is a municipal corporation organized under the laws of the State of Alabama with the authority to sue and be sued in its corporate name.

6. Individual police officer(s), whose name(s) has not been ascertained, but who was wearing an Enterprise Police Officer's uniform with an Enterprise Police Officer's badge and who is alleged to have improperly incarcerated said Plaintiff Strickland, was duly appointed and was apparently acting as a police officer for the City of Enterprise, Alabama, and was acting under the color of the statutes and ordinances of the City of Enterprise and State of Alabama. Said individual police officer(s) at all times pertinent were the servants, agents, and employees of their co-defendant, the City of Enterprise, so that their acts are imputed to the City of Enterprise.

7. During all times mentioned herein, said individual police officers were acting pursuant to orders and directives from Defendant, City of Enterprise. At all times mentioned herein, Defendant, City of Enterprise, was a municipal corporation of the State of Alabama, and was the employer of said individual police officers and provided each with an official badge and identification card which designated and described its bearer as a police officer of said city's police department. The City of Enterprise is the municipal corporation in whose name the individual defendants, and each of them, performed all acts and omissions alleged herein.

## COUNT I
## CIVIL RIGHTS VIOLATION

8. Plaintiff, Tonita Shipman Strickland, is a citizen of the United States of America and a resident of the City of Enterprise in Coffee County, Alabama.

9. Defendant, City of Enterprise, is a municipal corporation organized under the laws of the State of Alabama with the authority to sue and be sued in its corporate name.

10. Individual police officer(s), whose name(s) has not been ascertained, but who was wearing an Enterprise Police Officer's uniform with an Enterprise Police Officer's badge and who is alleged to have improperly incarcerated said Plaintiff Strickland, was duly appointed and was apparently acting as a police officer for the City of Enterprise, Alabama, and was acting under the color of the statutes and ordinances of the City of Enterprise and State of Alabama. Said individual police officer(s) at all times pertinent were the servants, agents, and employees of their co-defendant, the City of Enterprise, so that their acts are imputed to the City of Enterprise.

11. During all times mentioned herein, said individual police officers were acting pursuant to orders and directives from Defendant, City of Enterprise. At all times mentioned herein, Defendant, City of Enterprise, was a municipal corporation of the State of Alabama, and was the employer of said individual police officers and provided each with an official badge and identification card which designated and described its bearer as a police officer of said city's police department. The City of Enterprise is the municipal corporation in whose name the individual defendants, and each of them, performed all acts and omission alleged herein.

12. Plaintiff would show that while being detained in the Enterprise City Jail pending her husband posting her appeal bond for an Enterprise Municipal Court conviction, two inmates, who were also in a holding cell within said city jail but away from Plaintiff, began to display disruptive behavior, which Plaintiff had nothing to do with it.

13. After several warnings from the individual Enterprise police officer(s), City Judge Sherling came to the holding cell and warned the other inmates that if they did not settle down

they would be taken to the Coffee County Jail. Said Judge did not speak to Plaintiff or indicate that Plaintiff was included in this warning.

14. Said inmates continued with their disruptive behavior and consequently, said inmates were taken to the County Jail to serve a sentence of five (5) days by the Enterprise Police Department. Said officers also took Plaintiff to the County Jail despite her assertions that she was not involved with the other inmates' disruption and that the Judge did not include her in his earlier admonishment.

15. On the 29th day of November 2004, Plaintiff was caused to be carried in an automobile to the Coffee County Jail located in New Brockton, Alabama and was caused to be imprisoned there for a period of five (5) days.

16. Throughout Plaintiff's five (5) day imprisonment, Plaintiff:

   a. was never brought before a judge, court or magistrate;

   b. was never charged with a crime;

   c. was never able to make bail, post a bond, or be released on her own recognizance, because no bail had been set (other than the appeal bond she was waiting to post);

   d. was not informed of her right to the advice of an attorney;

   e. was not permitted to make any phone call to which she was entitled by statute and usage, or to contact her attorney, her family, or her friends to thereby inform them of her whereabouts, the circumstances of her imprisonment, and thereby also to obtain counsel and advice;

   f. was not informed of any formal charges that were to be placed against her by the Defendant, or by any other person or persons.

17. Defendant(s), separately and in concert, acted outside the scope of its jurisdiction and without authorization of law and deprived Plaintiff of:

    a. her right to freedom from unlawful arrest and conviction without evidence in support thereof,

    b. freedom from illegal detention and/or imprisonment,

    c. and/or the right of plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws.

18. All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 §1983 U.S.C.S. and by Title 18 §245 U.S.C.S. (1968).

19. As a proximate result of the Defendant's violation of her civil rights, Plaintiff was caused to suffer injury and damage.

20. Plaintiff avers that she was caused to suffer emotional distress and was detained against her will. Plaintiff claims attorney's fees and expenses of the Defendant pursuant to 42 U.S.C.S. §1988.

WHEREFORE, Plaintiff demands judgment against Defendants in a reasonable sum to be determined by the jury in this cause, but within the jurisdictional limits of this Court, plus costs and such other and further relief as deemed appropriate by this Court.

### COUNT II:  UNLAWFUL ARREST/FALSE IMPRISONMENT

21. Plaintiff, Tonita Shipman Strickland, is a citizen of the United States of America and a resident of the City of Enterprise in Coffee County, Alabama.

22. Defendant, City of Enterprise, is a municipal corporation organized under the laws of the State of Alabama with the authority to sue and be sued in its corporate name.

23. Individual police officer(s), whose name(s) has not been ascertained, but who was wearing an Enterprise Police Officer's uniform with an Enterprise Police Officer's badge and who is alleged to have improperly incarcerated said Plaintiff Strickland, was duly appointed and was apparently acting as a police officer for the City of Enterprise, Alabama, and was acting under the color of the statutes and ordinances of the City of Enterprise and State of Alabama. Said individual police officer(s) at all times pertinent were the servants, agents, and employees of their co-defendant, the City of Enterprise, so that their acts are imputed to the City of Enterprise.

24. During all times mentioned herein, said individual police officers were acting pursuant to orders and directives from Defendant, City of Enterprise. At all times mentioned herein, Defendant, City of Enterprise, was a municipal corporation of the State of Alabama, and was the employer of said individual police officers and provided each with an official badge and identification card which designated and described its bearer as police officer of the said city's police department. The City of Enterprise is the municipal corporation in whose name the individual defendants, and each of them, performed all acts and omission alleged herein.

25. Plaintiff would show that while being detained in the Enterprise City Jail pending her husband posting her appeal bond for an Enterprise Municipal Court conviction, two inmates, who were also in a holding cell within said city jail but away from Plaintiff, began to display disruptive behavior, which Plaintiff had nothing to do with it.

26. After several warnings from the individual Enterprise police officer(s), City Judge Sherling came to the holding cell and warned the other inmates that if they did not settle down they would be taken to the Coffee County Jail. Said Judge did not speak to Plaintiff or indicate that Plaintiff was included in this warning.

27.     Said inmates continued with their disruptive behavior and consequently, said inmates were taken to the County Jail to serve a sentence of five (5) days by the Enterprise Police Department.  Said officers also took Plaintiff to the County Jail despite her assertions that she was not involved with the other inmates' disruption and that the Judge did not include her in his earlier admonishment.

28.     On the 29th day of November 2004, Plaintiff was caused to be carried in an automobile to the Coffee County Jail located in New Brockton, Alabama and was caused to be imprisoned there for a period of five (5) days.

29.     Throughout Plaintiff's five (5) day imprisonment, Plaintiff:

  a.    was never brought before a judge, court or magistrate;

  b.    was never charged with a crime;

  c.    was never able to make bail, post a bond, or be released on her own recognizance, because no bail had been set (other than the appeal bond she was waiting to post);

  d.    was not informed of her right to the advice of an attorney;

  e.    was not permitted to make her one completed phone call to which she was entitled by statute and usage, or to contact her attorney, her family, or her friends to thereby inform them of her whereabouts, the circumstances of her imprisonment, and thereby also to obtain counsel and advice;

  f.    was not informed of any formal charges that were to be placed against her by the Defendant, or by any other person or persons.

30.     Plaintiff's husband only learned of Plaintiff's incarceration when he came in with said appeal bond of $500.00 that had been set by the Court to bond Plaintiff out.  Defendant did

not take any action to determine whether or not Plaintiff was one of the inmates that had been admonished earlier by the Judge for their disruptive behavior.

  31. On the 31st day of March, 2005, pursuant to the provisions of §11-47-23, Alabama Code, 1975, Plaintiff presented to the Defendant, City of Enterprise, a claim for the damages sustained by Plaintiff's as a result of the matters alleged above.

  32. As a proximate result of Plaintiff's false imprisonment, Plaintiff was caused to suffer injury and damage.

  WHEREFORE, Plaintiff demands judgment against Defendant in a reasonable sum to be determined by the jury in this cause, but within the jurisdictional limits of this Court, plus costs and such other and further relief as deemed appropriate by this Court.

Count III:
Negligence

  33. Plaintiff, Tonita Shipman Strickland, is a citizen of the United States of America and a resident of the City of Enterprise in Coffee County, Alabama.

  34. Defendant, City of Enterprise, is a municipal corporation organized under the laws of the State of Alabama with the authority to sue and be sued in its corporate name.

  35. Individual police officer(s), whose name(s) has not been ascertained, but who was wearing an Enterprise Police Officer's uniform with an Enterprise Police Officer's badge and who is alleged to have improperly incarcerated said Plaintiff Strickland, was duly appointed and was apparently acting as a police officer for the City of Enterprise, Alabama, and was acting under the color of the statutes and ordinances of the City of Enterprise and State of Alabama. Said individual police officer(s) at all times pertinent were the servants, agents, and employees of their co-defendant, the City of Enterprise, so that their acts are imputed to the City of Enterprise.

36.     During all times mentioned herein, said individual police officers were acting pursuant to orders and directives from Defendant, City of Enterprise. At all times mentioned herein, Defendant, City of Enterprise, was a municipal corporation of the State of Alabama, and was the employer of said individual police officers and provided each with an official badge and identification card which designated and described its bearer as police officer of the said city's police department. The City of Enterprise is the municipal corporation in whose name the individual defendants, and each of them, performed all acts and omission alleged herein.

37.     Plaintiff would show that while being detained in the Enterprise City Jail pending her husband posting her appeal bond for an Enterprise Municipal Court conviction, two inmates, who were also in said jail but away from Plaintiff, began to display disruptive behavior, which Plaintiff had nothing to do with it.

38.     After several warnings from Defendant police officer(s), City Judge Sherling came to the holding cell to warn the other inmates that if they did not settle down they would be taken to the Coffee County Jail. Said Judge did not speak to Plaintiff or indicate that Plaintiff was included in this warning.

39.     Said inmates continued with their disruptive behavior and consequently, said inmates were taken to the County Jail to serve a sentence of five (5) days by the Enterprise Police Department. Said officers also took Plaintiff to the County Jail despite her assertions that she was not involved with the other inmates' disruption and that the Judge did not include her in his earlier admonishment.

40.     On the 29th day of November 2004, Plaintiff was caused to be carried in an automobile to the Coffee County Jail located in New Brockton, Alabama and was caused to be imprisoned there for a period of five (5) days.

41. Throughout Plaintiff's five (5) day imprisonment, Plaintiff:

   a. was never brought before a judge, court or magistrate;

   b. was never charged with a crime;

   c. was never able to make bail, post a bond, or be released on her own recognizance, because no bail had been set (other than the appeal bond she was waiting to post);

   d. was not informed of her right to the advice of an attorney;

   e. was not permitted to make her completed phone call to which she was entitled by statute and usage, or to contact her attorney, her family, or her friends to thereby inform them of her whereabouts, the circumstances of her imprisonment, and thereby also to obtain counsel and advice;

   f. was not informed of any formal charges that were to be placed against her by the Defendant, or by any other person or persons.

42. Plaintiff avers that said Defendant City and said Defendant individual police officer(s) acted negligently, carelessly and/or acted out of unskillfulness by falsely imprisoning Plaintiff (without due process) and are subject to §11-47-190, Code of Alabama, 1975, which allows a negligence claim against a municipal corporation and it's employees.

43. Defendant, City of Enterprise, is the municipal corporation in whose name the individual police officer(s) performed said acts and omissions contained herein, and as a proximate result of said negligence, carelessness and unskillfulness, Plaintiff was caused to suffer damage, mental anguish, and loss of income.

WHEREFORE, Plaintiff demands judgment against Defendants for a sum deemed reasonable by the trier of fact in this cause but within the jurisdictional limits of this Court, plus costs and such other and further relief as deemed appropriate by this Court..

Dated this 23rd day of February, 2007.

      ___/S/_J. E. Sawyer, Jr._____
J. E. Sawyer, Jr. ASB-6566-S58J
*Attorney for Plaintiff*
203 South Edwards Street
Enterprise, AL 36330
334/347-6447
334/347-8217
jesawyer@roadrunner.com


## *CERTIFICATE OF SERVICE*

I certify that on February 23, 2007, I filed the above and foregoing electronically with the Clerk of Court using the CM/ECF system and that notice of my filing of same will be electronically served on: Mr. Steadman S. Shealy, Jr. and Mr. James Pike.

      ___/S/_J. E. Sawyer, Jr._____
J. E. Sawyer, Jr.