### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **TONITA SHIPMAN STRICKLAND,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:06-cv-232-WKW |
| | ) |
| **CITY OF ENTERPRISE, ALABAMA,** | ) |
| | ) |
| Defendant. | ) |

### OBJECTION AND RESPONSE TO MOTION TO AMEND COMPLAINT

Defendant the City of Enterprise, Alabama, objects and responds to the Plaintiff's motion for leave to amend. The sixth complaint violates the Court's prior directives and is even more confusing than the previous five.

### I. THE COURT'S FINAL WARNING

In its latest order, the Court warned the Plaintiff ***"this case will be dismissed with prejudice if the proposed amended complaint does not comply with the court's previous orders and directives."*** (Doc. 32 at 1 (emphasis in original).)

Despite this warning, the sixth complaint violates <u>all</u> of the Court's prior directives.

### II. FAILURE TO PLEAD IN ACCORDANCE WITH PRIOR DIRECTIVES

On June 26, 2006, the Court ordered the Plaintiff to amend her complaint in accordance with the following requirements:

- o A statement of the grounds upon which the Court's jurisdiction over the defendant depends;

1

- By stating no more than one claim in a single count, not incorporating claims by reference to other allegations;
- For any constitutional claim, to identify the specific constitutional right and provision (article or amendment) allegedly violated; and
- For any statutory claim, to identify the specific statutory right and provision (code section) allegedly violated.

(See Doc. 7 at 1, ¶¶ 1-4.)

The sixth complaint violates all of these directives.

### A. *Failure to Allege Jurisdiction Under 28 U.S.C. § 1367*

Rule 8(a) of the Federal Rules of Civil Procedure states, "A pleading which sets forth a claim for relief ... shall contain ... (1) a short and plain statement of the grounds upon which the court's jurisdiction depends".

In its order of June 26, 2006, the Court ordered the Plaintiff to provide, "A statement of the grounds upon which the Court's jurisdiction over the defendant depends." (Doc. 7 at 1, ¶ 1.)

In its latest order, the Court was blunt: "The plaintiff **must add** a paragraph alleging this court's jurisdiction of the state law claims under 28 U.S.C. § 1367." (Doc. 32 at 1, ¶ 1 (emphasis added.)

Despite the Court's instructions, the sixth complaint does not allege supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

### B. Stacking Multiple Claims Into Single Count

The Court ordered the Plaintiff to amend her complaint by "stating no more than one claim in a single count". (Doc. 7 at 1, ¶ 4.)

Rule 8(a) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

According to the Eleventh Circuit, "Separate, discrete causes of action should be pled in separate counts." Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996). (See Doc. 5 at 6-7.)

During the hearing, the Court identified Paragraph 3 of the fifth complaint as an example of how the Plaintiff was violating the requirement of "no more than one claim in a single count". (See Doc. 27-2 at 1, ¶ 3.)

In its order after the hearing, the Court told the Plaintiff how to comply: "it will be sufficient for the plaintiff to allege in Paragraph 14 a violation of her rights guaranteed by the Fourteenth Amendment to the United States Constitution". (Doc. 32 at 2, ¶ 3.)

Despite all of this guidance, **the sixth complaint packs no fewer than five claims into Count I:** (1) Fifth Amendment, (2) Sixth Amendment, (3) Fourteenth Amendment, (4) 42 U.S.C. § 1983, and (5) 18 U.S.C. § 245. (See Doc. 33-2 at 5, ¶¶ 17-18.)

### C. Failure to Identify Specific Constitutional Right Allegedly Violated

On June 26, 2006, the Court ordered, "For any constitutional claim, to identify the specific **constitutional right and provision** (article or amendment) allegedly violated." (Doc. 7 at 1, ¶ 3 (emphasis added).)

In Paragraph 17, subparagraphs (a) through (c), the Plaintiff asserts violations of multiple alleged rights, but does not identify the specific constitutional provisions (by article or amendment) that establish those alleged rights.

In Paragraph 18, the Plaintiff asserts violations of three constitutional amendments and two sections of the United States Code, but does not identify the specific constitutional or statutory rights associated with those amendments and code sections.[1]

It is important to note that the alleged rights identified in Paragraph 17 ***do not correspond with*** the constitutional amendments and United States Code sections named in Paragraph 18.[2]  As a result, the sixth complaint is even more confusing than the last.

### D.  *Failure to Identify Specific Statutory Right*

The Court also ordered the Plaintiff, "For any statutory claim, to identify the specific statutory right and provision (code section) allegedly violated." (Doc. 7 at 1, ¶ 2.)

In Count II of the sixth complaint, the Plaintiff re-alleges a claim for false imprisonment. However, she deleted her reference to the specific code section allegedly violated. (Compare Doc. 33-2 at 8, ¶¶ 32, with Doc. 27-2 at 1, ¶ 3.)

Further, the Court previously cautioned the Plaintiff that 42 U.S.C. § 1983 confers no substantive rights.  Despite that warning, the sixth complaint

---

[1]    Paragraph 18 refers generally to the due process clause, but three of the five provisions do not contain a due process clause.
[2]    For example, the rights identified in subparagraphs 17(a) and (b) sometimes arise under the Fourth Amendment, which is not even mentioned in Paragraph 18.

4

purports to assert a claim under 42 U.S.C. § 1983's *non-existent* due process clause.  (See Doc. 33-2 at 5, ¶ 18.)

Also in the hearing, the Plaintiff was cautioned that criminal statutes do not give rise to civil causes of action.  The Court instructed the Plaintiff to remove her reference to the criminal statute from her complaint.  (See Doc. 32 at 1, ¶ 2.)  Despite these warnings, the Plaintiff either pled a new criminal statute, or misidentified the prior one.  (See Doc. 33-2 at 5, ¶ 18 (referring to "*18 U.S.C. § 245*".)

Again, the latest complaint is a step backward from the last.

### III.  CONCLUSION

Document 33-2 represents the Plaintiff's sixth opportunity to submit a proper complaint.  She has again violated all of the Court's prior directives.

In its order of February 22, 2007, the Court warned the Plaintiff that "***this case will be dismissed with prejudice if the proposed amended complaint does not comply with the court's previous orders and directives.***"  (Doc. 32 at 1 (emphasis in original).)

Based on the foregoing, and in light of the pattern of violations identified in Document Number 29, the City of Enterprise moves to dismiss this action with prejudice.

/s/ James H. Pike
James H. Pike  (PIK003)
Attorney for Defendant
The City of Enterprise, Alabama

5

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: jpike@scplaw.us

## CERTIFICATE OF SERVICE

I, James H. Pike, certify that on February 26, 2007, I electronically served a copy of this document upon:

J.E. Sawyer, Jr.
203 South Edwards Street
Enterprise, Alabama 36330

Paul A. Young
P.O. Box 311368
Enterprise, Alabama 36331

                                      **/s/ James H. Pike**
                                      James H. Pike